RECEIVED

OCT 2 2 2019

Legal Programs Department

SCANNED at LSP and Emailed
10.22.19 by KB . 5 pages
date      initials  No.

United States District Court
Middle District Of Louisiana

Roy Walker, #370396

V.

Jeremy McKey, et. al.

Civil Action
No: 19-396-BAJ-RLB

## AMENDED COMPLAINT

Plaintiff, Roy Walker, pursuant to Rule 15(a), Fed. R. Civ. P., brings this amended complaint into the court to correct deficiencies in original complaint and add new claims and new parties:

1.

All defendants are being sued in their individual and official capacity.

2.

Retaliation against Maj. William Rosso in violation of plaintiff 1st Amendment to the United States Constitution.

Plaintiff filed an Emergency Administrative Remedy Procedure against Maj. Rosso. According to the rules that govern La. State Pen. these Emergency A.R.P.'s are to be turned in to the Unit Supervisor or the Warden's Office. Plaintiff turned a copy in to the Warden's office and gave Maj. Rosso a copy. When he started reading it, and realized it was about him. He tore it up and started making threats on how he would jump on me (plaintiff) ,if plaintiff ever disrespected him again by turning an

to him about him. Maj. Rosso started harrassing plaintiff with false disciplinary reports after this.

Maj. Rosso came to plaintiff cell in CBB "4/L" #9 and told plaintiff to pack his things, he was being returned to quarters per order of Warden Smith. This was after plaintiff mom & fiancee kept calling Assistant Warden Jimmy Smith in concerns of plaintiff being in adm. seg. per orders of Maj. Rosso on an agg. work offense when plaintiff had a bed rest duty status pending at the time of the so-called offense.

Maj. Rosso stood in front of plaintiff cell and started making derogatory statements about plaintiff family constantly calling, about blacks belonging in the field, how the whites run this place and how he don't care about plaintiff spine injury that's not his problem.

On May 8th 2018, Maj. Rosso refused plaintiff access to emergency sick-call, then told plaintiff get in the work-call check out line, when plaintiff complied and tried to walk down the steps plaintiff collapsed from pain and tumbled down the steps. Maj. Rosso then flipped plaintiff onto his stomach, placed him in a wristlock and with the assistance of Captain Marcus Jones, they started dragging plaintiff to administrative segregation on another falsified disciplinary report.

3.

Retaliation against Col. D. Brent Thompson in violation of plaintiff First Amendment to the United States Constitution and the misuse and excessive force against Col. D. Brent Thompson

in violation of Plaintiff Eight Amendment to the
United States Constitution

Captain Marcus Jones came to administrative segregation
and restrained plaintiff and another offender, then escorted
the to Col. Thompson office.

Col. Thompson told plaintiff it would be in plaintiff
best interest to drop the A.R.P. concerning the May 8, 2018
incident. Plaintiff refused to drop the A.R.P., that's when
Col. Thompson told plaintiff he would have a hard
stay in the main prison as long as they both was there.

On 8-16-18, plaintiff being escorted from the
treatment center, when Col. Thompson told plaintiff, "Hurry
up and get your ass in this cellblock before I kick you
in it." As plaintiff approached the doorseal Col. Thompson
pushed plaintiff through the door causing plaintiff
to lose his balance causing leg irons to put cuts around
ankles.

On 8-22-18, plaintiff awoke from his sleep and
went to his cell bars to see why his fan was
turned off. Plaintiff observed Maj. Franklin holding
a camera and Col. Thompson holding a can of
chemical agent. When Col. Thompson saw plaintiff at
his bars, Col. Thompson walked pass plaintiff cell
to cell 15 then came to plaintiff cell #13. Col. Thompson
stopped in front of plaintiff cell and started speaking
but plaintiff couldn't understand his words because
of the gas mask he wore. Col. Thompson said a
few more words plaintiff couldn't make out, then

3.

Col. Thompson started spraying this chemical agent into plaintiff face, eyes, mouth, and nose. Instantly plaintiff fell to the floor.

Plaintiff was on his 28th day of hungerstrike when Col. Thompson sprayed plaintiff without need or provocation. This chemical agent caused plaintiff to defecate and urinate on himself.

Approximately one (1) hour later, plaintiff was restrained, brought to cellblock D lobby for a haircut and shave. Then plaintiff was escorted to to T.U. without the opportunity to decontaminate himself. Therefore, from the heat this chemical agent reactivated causing plaintiff skin to burn and burning plaintiff internal organs.

WHEREFORE, plaintiff request that the court grant the following relief:

A.  Award compensatory damages in the following amount:

1.  $50,000.00 jointly and severally against Rosso and Thompson for their adverse actions against plaintiff for exercising his First Amendment

2.  $50,000,00 against Thompson for the misuse and excessive force used on plaintiff
Award punitive damages in the following amount:

3.  $250,000.00 each against Rosso and Thompson

4.

B. Issue an injunction ordering defendants to:

1. Follow policy that governs La. State Pen.

2. Have Warden, Darrel Vannoy release the plaintiff from ~~pu~~ extended lockdown and place in general population ~~a~~ with restoration of all rights and privileges.

3. Transfer plaintiff to Elayn Hunt

Respectfully Submitted,
Ray Walker #370396
T.U. Upper F-1
La. State Pen.
Angola, La. 70712

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2019 the above entitled pleading was filed electronically with the Clerk of Court,

5.