## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROY WALKER (#370396)**                                          **CIVIL ACTION**

**VERSUS**

**NO. 19-396-BAJ-RLB**

**JEREMY MCKEY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROY WALKER (#370396)**                                    **CIVIL ACTION**

**VERSUS**

**NO. 19-396-BAJ-RLB**

**JEREMY MCKEY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss filed on behalf of defendants Jeremy McKey, William Rosso, and Marcus Jones (R. Doc. 10). The motion is opposed. *See* R. Doc. 16.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the aforementioned defendants[1] and EMT Gaylord complaining that his constitutional rights were violated due to the use of excessive force, failure to intervene in the use of excessive force, and deliberate indifference to his serious medical needs.[2] The plaintiff seeks compensatory and punitive damages.

The moving defendants seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against them in their

---

[1] The plaintiff's Complaint was amended in response to the filing of the instant Motion, and to add additional claims and a new defendant. The additional claims will not be addressed herein as some are asserted against the newly added defendant who has not yet been served.

[2] As to defendant Gaylord, a review of the record reveals that EMT Gaylord has not been served because service was not accepted by the Department of Corrections. *See* R. Doc. 7. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendant Cain. *See* R. Doc. 7. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Gaylord be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon her.

official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v.*

*Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint[3], the plaintiff alleges that on May 8, 2018 he was unable to walk without assistance due to lower back and right sided leg pain. He was carried down two flights of stairs by other inmates and assisted by the same inmates down the walk to defendant McKey. The plaintiff presented his medical papers confirming his lower back and leg pain to defendant McKey and requested an emergency medical sick call due to his inability to walk. Defendant Rosso intervened in the conversation and ordered the plaintiff to go to the field and make an

---

[3] R. Doc. 1.

emergency sick call in the field. The plaintiff informed defendant Rosso that he was unable to walk, and defendant Rosso, with knowledge of the plaintiff's medical condition, threatened to have the plaintiff locked up. The plaintiff attempted to walk down the steps to the work check out gate but fell down the steps due to excruciating pain. Defendant Rosso then said he was tired of the plaintiff's sh!t, flipped the plaintiff onto his stomach, handcuffed the plaintiff, and with the assistance of defendant Jones, dragged the plaintiff up the steps and down the walk to lockdown.

In response to the plaintiff's allegations, the moving defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. Specifically, the Court concludes that the plaintiff has stated a claim for the use of excessive force against defendants Rosso and Jones, failure to intervene against defendant McKey, and for deliberate indifference to his serious medical needs against all moving defendants.

First, with regards to the plaintiff's claim against defendants Rosso and Jones, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."  *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  *Wilkins v. Gaddy, supra*, 559 U.S. at 38.  Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances.  In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.  *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, accepting as true all of the factual allegations contained in the Complaint, the plaintiff's allegations are sufficient to state claim upon which relief can be granted.  Although the plaintiff was suffering from severe pain which made it difficult for him to

walk, he was attempting to make his way to the field to make a sick call as instructed by defendant Rosso when he fell down a set of steps. Instead of calling for medical assistance for the plaintiff, defendant Rosso flipped the plaintiff onto his stomach and handcuffed him before dragging the plaintiff, with the assistance of defendant Jones, back up the steps and down the walk to lockdown. The only reason cited for the use of force in the plaintiff's complaint is defendant Rosso's statement that he was tired of the plaintiff's sh!t. Based upon the allegations of the Complaint, it appears the force was applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[4] As such, the plaintiff has stated a claim for the use of excessive force and the defendants' Motion should be denied in this regard despite the plaintiff's good fortune to escape without serious injury.

Turning next to the plaintiff's claim against defendant McKey for failure to intervene in the alleged use of excessive force by defendants Rosso and Jones, a defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

---

[4] The defendants' argument, which reads as an unsupported Motion for Summary Judgment, ignores that the Court must consider the allegations of the plaintiff's Complaint as true and asks the Court to consider the defendants' unsupported allegations that the plaintiff failed to comply with defendant Rosso's order and the force was used to restore discipline. The defendants also gratuitously argue that a single inmate disobeying orders can lead to loss of control of the institution.

In the instant matter, accepting the plaintiff's allegations as true, it appears that defendant Rosso became angry after the plaintiff fell after complaining about severe pain and demonstrating his difficulty walking. Ignoring the plaintiff's complaints of pain, defendant Rosso flipped the plaintiff onto his stomach and handcuffed him. Defendants Rosso and Jones then drug the plaintiff up a set of steps and then down the walk to lockdown. As such, it would have been clear to any officer that the plaintiff's constitutional rights were being violated considering the plaintiff's complaints of pain, difficulty walking, and falling when attempting to comply with defendant Rosso's instructions combined with defendant Rosso's statement that he was tired of the plaintiff's sh!t.

Further, based on the plaintiff's allegations, it appears that defendant McKey had an opportunity to intervene and failed to do so. Defendant McKey could have intervened when defendant Rosso instructed the plaintiff to make a sick call once he was in the field, or once the plaintiff was restrained and laying on the ground. Despite being present for each of these events, defendant McKey failed to intervene. Accordingly, accepting the plaintiff's allegations as true, the plaintiff has stated a claim against defendant McKey.

As to the plaintiff's claim for deliberate indifference, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that he was unable to walk due to severe pain in his back and leg and was carried down two flights of stairs and then assisted to walk to defendant McKey. The plaintiff showed defendant McKey his paperwork which confirmed his lower back and leg pain. The plaintiff requested an emergency sick call. Defendant Rosso then intervened and told the plaintiff to make a sick call in the field. When attempting to comply with Defendant Rosso's instructions, the plaintiff fell. None of the moving defendants sought medical care for the plaintiff prior to or after his fall. Rather, the plaintiff was subjected to additional pain by being handcuffed and dragged.

The plaintiff's allegation that the defendants refused to provide him with medically necessary treatment for his pain states a claim for deliberate indifference to his serious medical needs. *See, e.g., Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 422-23 (5th Cir. 2017) (noting that "our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference" and holding that allegations that prison official was deliberately indifferent in failing to make an effort to help an inmate in great pain to obtain pain

medication were actionable); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (finding that a deliberate indifference claim had been stated against nurse based on her delay in providing pain medication to a prisoner in great pain); *Williams v. Certain Individual Employees of the Texas Department of Criminal Justice-Institutional Division*, 480 F. App'x 251, 257 (5th Cir. 2010) ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment."). As such, the plaintiff has stated a claim for deliberate indifference to his serious medical needs against defendants McKey, Rosso, and Jones.[5]

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 10) be granted in part, dismissing the plaintiff's claims for monetary damages asserted against the defendants in their official capacities. It is further recommended that in all other regards the Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

                                  **RICHARD L. BOURGEOIS, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

[5] Whether the plaintiff was lying in order to "skip out on a day of work," as suggested by the defendants, is not an appropriate inquiry before the Court at this time.