UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY WALKER                                              CIVIL ACTION

VERSUS

JEREMY MCKEY, ET AL.                                    NO. 19-00396-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff Roy Walker's **Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 22)**. For the reasons stated below, Plaintiff's motion is **DENIED**.

I. FACTUAL HISTORY

According to his Motion, Plaintiff fell down steps on May 8, 2018 and suffered injuries. Plaintiff took a trip to the University Medical Center ("UMC") in December 2019. A doctor there told him that he could not perform field work. On March 5, 2020, Plaintiff was issued duty status, which he alleges was retaliatory. Plaintiff is currently in administrative segregation and in pain. He has not received any cleaning supplies, sheets, soap, toothbrush, and toothpaste and the drain in the shower does not function well. Plaintiff requests that Defendants stop retaliating against him by falsifying disciplinary reports filed against him, that he be released from administrative segregation, that he receive necessary medical treatment for the May 8, 2018 injuries and that no field work status be imposed on him.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff did not submit an affidavit and his complaint is not verified. Further, Plaintiff is proceeding *pro se*, and has not certified in writing any efforts made to give notice to Defendants. Thus, Plaintiff has not met the minimum requirements under Rule 65 for a temporary restraining order.

The Court now addresses the requirements for a preliminary injunction. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains on a plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the elements necessary for granting a preliminary injunction, the Court need not address the other elements. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

For the purposes of obtaining a preliminary injunction, Plaintiff has failed to meet his burden. Regarding Plaintiff's request that he receive treatment for the May 8, 2018 injuries and that a no field work status be entered in his favor, Plaintiff received a Magnetic Resonance Imaging scan ("MRI") at UMC on April 16, 2019. (Doc. 25-2 at 20). A physician prescribed Epidural Steroid Injections (ESIs) to Plaintiff's lumbar. *Id.* On May 28, 2019, Plaintiff received an injection, as prescribed. (*Id.* at 19). On December 10, 2019, Plaintiff communicated that he wanted to proceed with the treatment plan prescribed by his treating physician and another lumbar ESI was scheduled. (*Id.* at 14-15). On January 14, 2020, Plaintiff received another injection. (*Id.* at 9-11). In March of 2020, Plaintiff stated that he needed his duty

3

status renewed. (*Id.* at 5). Plaintiff was subsequently restricted from lifting greater than 25 pounds for a period of six months. (*Id.* at 3, 6). Plaintiff has a follow-up visit with his physician scheduled for May 2020. Thus, Plaintiff has and continues to receive treatment for his injuries, and his duty status has been altered as needed.

Moving on to Plaintiff's request that Defendants stop retaliating against him by falsifying disciplinary reports, the record is devoid of any evidence to support Plaintiff's assertions. Plaintiff has not shown that he will face a substantial threat of irreparable injury if the injunction is not granted.

Lastly, Plaintiff requests that he be released from administrative segregation. Yet, Plaintiff does not cite any authority from the U.S. Court of Appeals for the Fifth Circuit or any other authority in support of his request. Plaintiff has not identified any binding legal support—nor has the Court identified any—for his assertion that irreparable harm shall be suffered if he remains in administrative segregation.

Further, the Court is not convinced that Plaintiff has met his burden to prove that the threatened injury outweighs any harm that will result to the non-movant Defendants if the injunction is granted. If an injunction were to be granted, Defendants would suffer harm in a decreased ability to preserve internal order and discipline, and to maintain institutional security. The U.S. Supreme Court has made clear that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Though the Court is mindful that Plaintiff is a *pro se* litigant, his motion remains insufficient to warrant the immediate relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Plaintiff has failed to make the proper showing that his case falls within this exceedingly narrow exception.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 22)** is **DENIED**.

Baton Rouge, Louisiana, this 30th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**