# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROY WALKER (#370396)**                               **CIVIL ACTION**

**VERSUS**

                                                      **NO. 19-396-BAJ-RLB**

**JEREMY MCKEY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROY WALKER (#370396)**                                           **CIVIL ACTION**

**VERSUS**

                                                                   **NO. 19-396-BAJ-RLB**

**JEREMY MCKEY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 31) filed on behalf of defendants Jeremy McKey, William Rosso, and Marcus Jones. The Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the moving defendants and defendant Brent Thompson complaining that his constitutional rights were violated due to the use of excessive force, failure to intervene in the use of excessive force, deliberate indifference to his serious medical needs, and retaliation. The plaintiff seeks compensatory and punitive damages.

Defendants McKey, Rosso, and Jones move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the Affidavits of defendants McKey, Rosso, and Jones, and certified copies of a Disciplinary Report dated May 8, 2018, an Unusual Occurrence Report dated May 8, 2018, Administrative Remedy Procedure No. LSP-2018-1120, and the plaintiff's Master Prison Record.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

With regards to the issue raised in the defendants' Motion for Summary Judgment, in his Complaint, as amended, the plaintiff alleges that on May 8, 2018 he was unable to walk without assistance due to lower back and right sided leg pain. He was carried down two flights of stairs

by other inmates and assisted by the same inmates down the walk to defendant McKey. The plaintiff presented his medical papers confirming his lower back and leg pain to defendant McKey and requested an emergency medical sick call due to his inability to walk. Defendant Rosso intervened in the conversation and ordered the plaintiff to go to the field and make an emergency sick call in the field. The plaintiff informed defendant Rosso that he was unable to walk, and defendant Rosso, with knowledge of the plaintiff's medical condition, threatened to have the plaintiff locked up. The plaintiff attempted to walk down the steps to the work check out gate but fell down the steps due to excruciating pain. Defendant Rosso then said he was tired of the plaintiff's sh!t, flipped the plaintiff onto his stomach, handcuffed the plaintiff, and with the assistance of defendant Jones, dragged the plaintiff up the steps and down the walk to lockdown. Defendant Rosso's actions were undertaken in retaliation for the plaintiff's prior filing of an emergency grievance.

In response, the moving defendants contend that the plaintiff's claims are barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, the defendants assert that a finding by this Court, that the plaintiff was subjected to the excessive use of force, deliberate indifference to his serious medical needs, and retaliation would necessarily implicate the validity of the disciplinary proceedings wherein the plaintiff was found guilty of defiance, aggravated disobedience, and an aggravated work offense and resulted in a loss of 15 days of good time credit, a custody status change, the payment of restitution, and 12 weeks loss of canteen.

Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at

487. In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) the Court found that the *Heck* rule applies in the context of a prisoner's claim regarding the deprivation of good time credits lost in connection with a disciplinary proceeding. Following the *Edwards* decision, the Unites States Court of Appeals for the Fifth Circuit has applied the *Heck* rule in cases similar to this one where the plaintiff alleges that excessive force was used during an incident which resulted in the plaintiff receiving a disciplinary conviction. *See Donnelly v. Darby*, 81 F. App'x. 823 (5th Cir. 2003) (excessive force claims barred by *Heck* due to disciplinary conviction resulting from the complained of incident); *Powell v. Maddox*, 81 F. App'x. 476 (5th Cir. 2003) (same); and *Hadnot v. Butler*, 332 F. App'x. 206 (5th Cir. 2009) (same). Other courts have applied *Heck* to bar multiple claims. *See Thomas v. Bd. of Pardons & Paroles,* No. 2:08–CV–0060, 2010 WL 742440, at *2 (N.D. Tex. Mar. 2, 2010) (adopting recommendation of magistrate judge recognizing that allegations of deliberate indifference, malicious prosecution, and due process violations may be barred under *Heck* ).

The moving defendants herein assert that the plaintiff was issued a disciplinary report for defiance, aggravated disobedience, and an aggravated work offense, and was found guilty as to all disciplinary violations. As stated by defendant Rosso, the plaintiff was told not to wear sweatpants to the checkout gate again and was told to get in the cellblock checkout line by defendant Rosso. The plaintiff then proceeded to the last step of the stairs, laid down on the ground, and stated that he was not going to work or go to the checkout line. The plaintiff was ordered to roll onto his stomach so he could be restrained but the plaintiff refused. Defendant Rosso then placed the plaintiff on his stomach, restrained the plaintiff, and ordered him to walk. The plaintiff refused. With the assistance of defendant Jones, the plaintiff was raised to his feet and ordered to walk. The plaintiff again refused. Defendant Rosso them employed a wristlock

and then the plaintiff began to walk and was escorted to administrative segregation where he was seen by medical. *See* R. Doc. 31-5, p. 4-5.

In the instant matter, the plaintiff's claims for use of excessive force, failure to intervene, and retaliation are clearly barred by *Heck* because a finding that any of these claims have merit would negate the prison's finding that the plaintiff violated its disciplinary rules pertaining to defiance, aggravated disobedience, and aggravated work offense. Whether the plaintiff's claims for deliberate indifference to his serious medical needs are barred by *Heck* depends upon whether the basis for these claims is distinct from the basis of his disciplinary conviction. Based upon the record before the Court, these claims do not appear to be distinct from the basis of the plaintiff's disciplinary conviction.

As stated by defendant McKey, on May 8, 2018 the plaintiff informed defendant McKey that he was hurt and could not work. Defendant McKey instructed the plaintiff to report to the field officer for count and make a medical emergency at the checkout gate. Instead, the plaintiff laid down on the ground and defendant Rosso took over. *See* R. Doc. 31-10. Defendant Rosso had observed the plaintiff walk without assistance from his cell and down the walk and lie down on the bottom step of the walk. *See* R. Doc. 31-4. At this point, the plaintiff failed to obey the orders of defendant Rosso. As such, the plaintiff's claims for deliberate indifference to his serious medical needs do not form a distinct basis from the basis of the disciplinary conviction. If the Court were to find merit in the plaintiff's deliberate indifference claims said finding would negate the prison's finding that the plaintiff violated the prison's disciplinary rules and was subject to disciplinary action as a result.

As such, the plaintiff's claims against defendants McKey, Rosso, and Jones are barred by the *Heck* rule. Accordingly, the defendants' Motion should be granted in part. The Court

cannot recommend that the plaintiff's entire suit be dismissed as requested by the moving defendants because the plaintiff's claims against defendant D. Brent Thompson remain pending.

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to appear, including an extended deadline to do so, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions that the plaintiff's claims are barred by *Heck*. Accordingly, based upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and

failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

<b>RECOMMENDATION</b>

It is recommended that the moving defendants' Motion for Summary Judgment (R. Doc. 31) be granted in part, and the plaintiff's claims against defendants McKey, Rosso, and Jones be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It is further recommended that in all other regards the Motion (R. Doc. 31) be denied, and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on March 22, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**