UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY WALKER (#370396) | CIVIL ACTION |
| VERSUS | |
| JEREMY MCKEY, ET AL. | NO. 19-396-BAJ-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 29, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY WALKER (#370396)                                CIVIL ACTION

VERSUS

                                                    NO. 19-396-BAJ-RLB

JEREMY MCKEY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 40) filed on behalf of defendant Darian Thompson. The Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Jeremy McKey, William Rosso, Marcus Jones[1], EMT Gayland[2], and D. Brent Thompson complaining that his constitutional rights were violated due to the use of excessive force, failure to intervene in the use of excessive force, deliberate indifference to his serious medical needs, and retaliation. The plaintiff seeks compensatory and punitive damages.

Defendant Thompson moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, Medical Records of the plaintiff, the Affidavit of defendant

---

[1] The plaintiff's claims against defendants McKey, Rosso, and Jones were previously dismissed. *See* R. Doc. 41.

[2] As to defendant Gayland, a review of the record reveals that EMT Gayland has not been served because service was not accepted by the Department of Corrections as to this unknown employee. *See* R. Doc. 7. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to identify or otherwise direct service on defendant Gayland. *See* R. Doc. 7. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Gayland be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon said defendant.

Thompson, and certified copies of a Disciplinary Report dated August 22, 2018, Louisiana State Penitentiary Direction No. 09.002 Use of Force, CBD Lower Right Chemical Agent Logbook dated August 22, 2018, CBD Lower Right Tier Logbook dated August 22, 2018, Administrative Remedy Procedure No. LSP-2019-741, ARP Input Screens of the plaintiff, and Department Regulation No. B-05-001 Disciplinary Rules and Procedures for Adult Offenders. The plaintiff has not opposed the motion.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any

case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

      As to defendant Thompson the plaintiff alleges, in his Complaint as amended, that he was escorted to defendant Thompson's office by Captain Jones. Defendant Thompson told the plaintiff it would be in his best interest to drop a pending grievance. Defendant Thompson further stated that the plaintiff would have a hard stay in the main prison as long as he was there. On August 16, 2018 the plaintiff was being escorted from the treatment center when defendant Thompson instructed the plaintiff to, "hurry up and get you a$$ in this cellblock before I kick you in it." As the plaintiff approached the door defendant Thompson pushed him. The plaintiff lost his balance which caused his leg irons to cut the skin around his ankles.

      On August 22, 2018, the plaintiff woke from his sleep to see why his fan had been turned off. Major Franklin was holding a camera and defendant Thompson was holding a can of chemical agent. Defendant Thompson began speaking to the plaintiff, but the plaintiff could not understand him because Thompson was wearing a gas mask. Defendant Thompson continued to speak then began spraying the plaintiff with a chemical agent in his face, eyes, mouth, and nose. The plaintiff fell to the floor, and lost control of his bowels and bladder. An hour later, the plaintiff was taken for a haircut and shave then escorted to the Treatment Unit without being given an opportunity to decontaminate.

In response to the plaintiff's allegations, defendant Thompson has asserted, *inter alia*, that he is entitled to qualified immunity in connection with the plaintiff's claims.[3] The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of

---

[3] The Court declines to address the defendant's argument that the plaintiff failed to exhaust his administrative remedies prior to filing suit. There is no explanation for why the plaintiff's grievance, filed as amended on August 28, 2018, was not received by the Warden until June 4, 2019. Without an explanation for this extraordinary delay in receipt of the plaintiff's grievance, the Court cannot discern whether or not the plaintiff exhausted his administrative remedies as required.

physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de*

*minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is Plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

By affidavit, defendant Thompson denies that he threatened or pushed the plaintiff on August 16, 2018. On August 22, 2018 defendant Thompson responded to an incident on Cellblock D where an inmate had thrown a liquid substance on an officer. When Thompson arrived on the Lower Right tier, the plaintiff was attempting to incite other inmates to throw human waste on the officers. The plaintiff also told other inmates that they should fight the security and staff at the prison.

Defendant Thompson gave the plaintiff a direct verbal order to cease the disturbance. The plaintiff began racking the cell bars and screaming. The plaintiff was given several more verbal orders to cease the disturbance. When the plaintiff failed to comply, defendant Thompson administered a minimum amount of chemical agent into the plaintiff's cell to restore order. After the chemical agent was administered the plaintiff was restrained and was given an opportunity to shower, issued a clean jumpsuit, and was seen by medical. *See* Affidavit of Darian Thompson, R.

Doc. 40-5. The plaintiff was issued a disciplinary report for Defiance, Aggravated Disobedience, and Property Destruction. *See* R. Doc. 40-6.

As such, the competent summary judgment evidence submitted by the defendant shows that defendant Thompson only utilized force, only once, in a good faith effort to maintain or restore discipline on August 22, 2018. There is nothing in the record to indicate that the force was used maliciously and sadistically for the very purpose of causing harm.

With regards to retaliation the record is devoid of any evidence that: (1) the defendant intentionally retaliated against plaintiff; (2) an adverse retaliatory action, greater than *de minimis*, was undertaken against the plaintiff by defendant Thompson; or (3) there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. To the extent the plaintiff complains of the verbal abuse and/or threats made by defendant Thompson, neither threats nor verbal abuse by a security officer is actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions that he is entitled to qualified immunity. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

Additionally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the

instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendant Gayland be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon said defendant. It is further recommended that the defendant's Motion for Summary Judgment (R. Doc. 40) be granted, dismissing the plaintiff's claims against defendant Thompson with prejudice. It is further recommended that the Court decline the exercise of supplemental jurisdiction and that this matter be dismissed in its entirety.

Signed in Baton Rouge, Louisiana, on July 29, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**